NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSEPH C. LOVETT, III,
        Petitioner,

v.

UNITED STATES OF AMERICA,
        Respondent.

Civil No. 09-1659 (JLL)

OPINION

APPEARANCES:

    JOSEPH C. LOVETT, III, Petitioner pro se
    #10404-050
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640

**LINARES, District Judge**

Petitioner, Joseph C. Lovett, III ("Lovett"), a federal prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), brings this petition for a writ of audita querela, pursuant to 28 U.S.C. § 1651, the All Writs Act. Lovett names the United States as the respondent in this challenge to his federal prison sentence.

This Court has reviewed the petition filed by Lovett, and for the reasons set forth below, will dismiss the petition for lack of jurisdiction

## I. BACKGROUND

The following facts are taken from the petition, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

On or about September 1, 1994, Lovett was convicted by guilty plea on charges of conspiracy to distribute methamphetamine and being a felon in possession of a firearm in the United States District Court for the District of New Jersey. He was sentenced under the then-mandatory U.S. Sentencing Guidelines, to a 328-month prison term. Lovett appealed his conviction and sentence to the United States Court of Appeals for the Third Circuit. The Third Circuit affirmed the sentence and conviction. Lovett's petition for a writ of certiorari to the United States Supreme Court was denied on November 6, 1995. Lovett v. United States, 516 U.S. 969 (1995).

On or about September 15, 1997, Lovett filed a motion under 28 U.S.C. § 2255, in the United States District Court for the District of New Jersey. See Lovett v. United States, Civil No. 97-4470 (AMW). The Honorable Alfred M. Wolin, U.S.D.J., denied the motion in an Opinion and Order entered on July 22, 1998. Lovett appealed to the Third Circuit, and the Third Circuit denied his application for a certificate of appealability on January 5, 1999.

Lovett now files this petition for relief in the form of a writ of <u>Audita Querela</u>. He bases his application on the United States Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), which was decided almost six years after Lovett's direct appeal and collateral review of his conviction and sentence were completed.

## II.  CLAIMS PRESENTED

Lovett complains that he was sentenced to a heavier sentence than any of the other defendants indicted in the conspiracy charges related to drugs and weapons. At the time he was sentenced, he alleges that the sentencing court was narrowly restricted in exercising its discretion by the then-mandatory Federal Sentencing Guidelines. Without the sentencing court's findings of drug amounts, firearm possession and leadership, Lovett speculates that the court would have imposed a substantially lower sentence, less than the statutory ten-year minimum, on fifty grams or more. However, at that time, the Sentencing Guidelines were mandatory, and the court was required to find, by a preponderance of evidence, the amount of drugs and other sentencing enhancements.

Citing <u>Booker</u>, Lovett now argues that the mandatory guidelines used in his 1993 trial and sentencing have since been declared unconstitutional because the Sixth Amendment requires a jury, not a judge, to make findings of facts relevant to

3

sentencing. He claims that due to the rules of retroactivity and the limitation on successive § 2255 challenges to a conviction and sentence, a writ of <u>Audita Querela</u> is his only avenue of relief.

### III. DISCUSSION

#### A. The Writ of Audita Querela or Coram Nobis

Granting a writ of <u>coram nobis</u> or <u>audita querela</u> falls under this Court's limited authority under the All Writs Act, 28 U.S.C. § 1651, to issue certain extra-statutory writs. "[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." <u>Carlisle v. United States</u>, 517 U.S. 416, 429 (1996) (quoting <u>Pennsylvania Bureau of Correction v. United States Marshals Serv.</u>, 474 U.S. 34, 43 (1985)).

<u>Coram nobis</u> relief may be granted by federal courts in criminal matters where an individual continues to suffer from the effects of a criminal conviction but the individual is no longer in custody. <u>United States v. Baptiste</u>, 223 F.3d 188, 189 (3d Cir. 2000); <u>United States v. Stoneman</u>, 870 F.2d 102, 105-06 (3d Cir. 1989). The Third Circuit has enunciated the following framework for <u>coram nobis</u> review:

> Use of the writ is appropriate to correct
> errors for which there was no remedy

4

> available at the time of trial and where "sound reasons" exist for failing to seek relief earlier. "Only where there are errors of fact of 'the most fundamental kind, that is, such as to render the proceeding itself irregular and invalid', [sic] can redress be had." The error must go to the jurisdiction of the trial court, thus rendering the trial itself invalid. An error which could be remedied by a new trial, such as an error in jury instructions, does not normally come within the writ. Earlier proceedings are presumptively correct and the petitioner bears the burden to show otherwise.
>
> Coram nobis is an extraordinary remedy, and a court's jurisdiction to grant relief is of limited scope. "The interest in finality of judgments dictates that the standard for a successful collateral attack on a conviction be more stringent than the standard applicable on a direct appeal." It is even more stringent than that on a petitioner seeking habeas corpus relief under § 2255.

Stoneman, 870 F.2d at 106 (internal citations omitted). The Supreme Court has further noted that coram nobis relief should be granted only in rare instances: "it was traditionally available only to bring before the court factual errors material to the validity and regularity of the legal proceeding itself, such as the defendant's being under age or having died before the verdict." Carlisle, 517 U.S. at 429 (internal quotation omitted).[1]

---

[1] Lovett briefly alludes to the writ of error coram nobis in his petition at page 9. However, because Lovett is still in custody, relief is not available to him through the writ of error coram nobis, which "has traditionally been used to attack convictions with continuing consequences when the petitioner is no longer 'in custody' for purposes of 28 U.S.C. § 2255." Baptiste 223 F.3d at 189 (citing Stoneman, 870 F.2d at 105-06).

"The ancient writ of audita querela was used to attack a judgment that was correct when it was rendered but later became incorrect as a result of some legal defense arising after it was issued." United States v. Jones, 534 F. Supp 2d 465, 468 (D. Del. 2008). The Third Circuit has recognized, albeit in an unreported decision, that such a writ exists in federal jurisprudence: "the writ is available only where the petitioner raises a (1) valid legal objection; (2) to a judgment that arises after that judgment is entered; and (3) that is not redressable by some other means." Muirhead v. Attorney General, 262 Fed. Appx. 473, 474 (3d Cir. 2008)(unreported).

In finding that a petition merits audita querela relief, a Court may not use the statutory limits imposed by Congress upon habeas relief as the basis for finding that the petitioner has no other means of redress. Hazard v. Samuels, 206 Fed. Appx. 234, 236 (3d Cir. 2006) (unreported); United States v. Paster, 190 Fed. Appx. 138, 139 (3d Cir.), cert. denied, 549 U.S. 1013 (2006). See also United States v. Fraction, 315 Fed. Appx. 431 (3d Cir. 2009). Gaps in available relief, furthermore, do not exist where a defendant submitted his arguments to the court in a previous motion and was denied. United States v. Enigwe, No. 08-797, 2008 WL 623831, at *6 (E.D. Pa. Mar. 6, 2008).

B. The Writ of Audita Querela Is Not Available to Petitioner

Here, Lovett is challenging his sentence as unjust and unconstitutional in light of the Supreme Court's ruling in

6

Booker, which was decided well after Lovett completed collateral review of his sentence. Generally, challenges to a federal sentence or conviction are made by motion under 28 U.S.C. § 2255, brought before the sentencing court. 28 U.S.C. § 2255; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

A motion under 28 U.S.C. § 2255, and not a writ of audita querela, is the presumptive means by which a federal prisoner can challenge his conviction or sentence that are allegedly in violation of the Constitution. See Davis v. United States, 417 U.S. 333, 343 (1974); Okereke, 307 F.3d at 120. This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under the general writ of habeas corpus, unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's

detention.[2]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

8

2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

Here, Lovett appears to argue that relief under § 2255 is "inadequate or ineffective" simply because the Supreme Court's refusal to apply Booker retroactively forecloses him from seeking relief under § 2255. Consequently, he contends that the writ of audita querela should be available to him because there is a gap now created in post-conviction remedies for which no relief is available.

However, a writ of audita querela will not issue where habeas relief is otherwise cognizable under § 2255. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007). In a series of unpublished opinions, the United States Court of Appeals for the Third Circuit has concluded that a petitioner may not invoke the writ of audita querela where he asserts a claim that falls squarely within the realm of relief provided for by § 2255. See United States v. Sanchez, 317 Fed. Appx. 225, 2009 WL 389365 (3d Cir., Feb. 18, 2009); Shelton v. United States, 201 Fed. Appx. 123, 124 (3d Cir. 2006)(stating that "that there is support for the general proposition that common law writs such as audita querela can be employed to 'fill the gaps' in post-conviction remedies," but the writ of audita querela "cannot be invoked in order to enable a defendant to file a § 2255 claim, but avoid complying with the rules that govern such motions");

Paster, 190 Fed. Appx. at 139; United States v. Reaves, 177 Fed. Appx. 213 (3d Cir. 2006); United States v. Hannah, 174 Fed. Appx. 671, 673 (3d Cir.), cert. denied, 549 U.S. 914 (2006).[3] See also United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005)(holding that the writ of audita querela is unavailable where relief is cognizable under § 2255); United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001)(a prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs); In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (concluding that, even if the limitations of AEDPA foreclosed the use of 28 U.S.C. §§ 2241 and 2255 by federal prisoners, "it would be senseless to suppose that Congress permitted them to pass through the closed door [by way of the All Writs Act] simply by changing the number 2241 to 1651 on their motions"); cf. Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999)(per curiam)(concluding that § 2255 is not inadequate or ineffective merely because a particular prisoner's § 2255 motion is procedurally barred), cert. denied, 528 U.S. 1178 (2000).

---

[3] This Court is aware of the Third Circuit's admonitions regarding the citation to its unpublished, non-precedential opinions, see, e.g., Jamison v. Klem, 544 F.3d 266, 278 n. 11 (3d Cir. 2008), however, since several unpublished, non-precedential opinions of the Third Circuit are directly on point on the issue of whether Lovett may circumvent the AEDPA gate-keeping requirements by casting his petition as one for a writ of audita querela rather than as on for relief under § 2255, this Court cites these opinions as persuasive authority.

10

In Paster, the Third Circuit agreed with the Ninth Circuit's holding "that '[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs' such as audita querela." Paster, 190 Fed. Appx. at 139 (quoting Valdez-Pacheco, 237 F.3d at 1080). In this same opinion, the Third Circuit also cited approvingly to an Eleventh Circuit decision holding that audita querela was unavailable when relief is cognizable under § 2255. Id. (citing Holt, 417 F.3d at 1175). As the Eleventh Circuit noted in Holt, "[t]he Fourth, Fifth, Seventh, Ninth, and Tenth Circuits have determined likewise that a federal prisoner may not use the writ of audita querela where postconviction relief is available through § 2255 or coram nobis motions." Holt, 417 F.3d at 1175 (citations omitted).

Indeed, although this Court does not conclude that there can never be a gap for audita querela to fill, it must be noted that AEDPA's limitations do not amount to a suspension of the writ, Felker v. Turpin, 518 U.S. 651, 664 (1996), and that § 2255 contains its own "gap filling" provision, which allows federal prisoners to file, in the proper circumstances, habeas corpus petitions under 28 U.S.C. § 2241 if § 2255 is otherwise inadequate or ineffective. See Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

11

This Court does conclude, however, that the fact that the AEDPA would bar a second or successive § 2255 motion, which is the situation that Lovett is trying to circumvent, does not create a gap that can be filled by the writ of audita querela. See Paster, 190 Fed. Appx. at 139; Hannah, 174 Fed. Appx. at 673; Gore v. United States, 2009 WL 512160 at *4 (D.N.J., Feb. 27, 2009). Further, it is of no significance that the relief sought by Lovett here is barred by the Supreme Court's refusal to retroactively apply Booker. Rather, a § 2255 petition is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful death claim." Cradle, 290 F.3d at 538. Section 2255 is not "'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. "To declare that the restrictions in [the] AEDPA, which would likely prevent Petitioner from bringing his claims under § 2255, create a gap that merits the Court's application of the common law writ of audita querela would merely serve to circumvent the intent of Congress." McCrory v. United States, 2008 WL 5381358, at *3 (E.D. Pa., Dec. 23, 2008). "Such is not the prerogative granted this Court by the 'gap-filling' powers of the All Writs Act." Id.

12

Therefore, this Court construes the Petition as one for relief under 28 U.S.C. § 2255. Regardless of the label used by Lovett, the subject matter of the petition, and not the title he assigns, determines its status. The relief sought by Lovett in this case falls squarely within the grounds for which a prisoner may challenge his sentence pursuant to Section 2255. Lovett may not disguise his successive habeas petition as one seeking relief pursuant to the writ of audita querela. See Reaves, 177 Fed. Appx. at 213 (a motion under § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence); United States v. Coleman, 162 Fed. Appx. 163, 164 (3d Cir. 2006) (same); Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004)("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover.").

Moreover, although Lovett argues that the relief he is now seeking under Booker was not available at the time of his sentencing, the Third Circuit has held that Booker does not apply retroactively. See Lloyd v. United States, 407 F.3d 608, 616 (3d Cir. 2005)(holding that Booker is not applicable retroactively to cases on collateral review), cert. denied, 546 U.S. 916 (2006); United States v. Olopade, 403 F.3d 159 (3d Cir. 2005)(holding that Booker fails to supply petitioners seeking permission to file a second or successive

§ 2255 motions with the required evidence of a "new rule of constitutional law, made retroactive to cases on collateral review"). This Court cannot find otherwise, whether pursuant to a motion under § 2255 or on a writ of audita querela.[4]

Therefore, this Petition for a writ of audita querela must be considered as a second or successive motion under § 2255, and as such, Lovett must first seek certification from the United States Court of Appeals for the Third Circuit for an order authorizing the district court to consider the application. See 28 U.S.C. § 2255(h). Consequently, this Court lacks jurisdiction over the petition for a writ of audita querela, and it should be dismissed accordingly. See Robinson v. Johnson, 313 F.3d 128, 138 (3d Cir. 2002)(holding that "most courts that have considered the issue treat the successiveness issue as comparable to the defense that the court lacks jurisdiction over the subject matter").

Whenever a civil action is filed in a court that lacks jurisdiction, however, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in

---

[4] In Kessack v. United States, 2008 WL 189679, at *5 (W.D. Wash. Jan. 18, 2008), the district court suggested that although Booker is not applied retroactively in habeas cases, the writ of audita querela might be used "to achieve justice in extraordinary situations where other postconviction remedies are unavailable." Id. at *6. This singular case, however, does not change the outcome of this action. Kessack is not binding precedent upon this Court, "and is, quite frankly, a small island in a sea of cases that have refused to permit petitioners to invoke the writ of audita querela to avoid complying with the requirements of § 2255(h)." Gore, 2009 WL 512160, at *5.

14

which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, this Court finds that it would not be in the interests of justice to transfer this petition to the United States Court of Appeals for the Third Circuit because, under 28 U.S.C. § 2255(h)(2), Lovett has not demonstrated that <u>Booker</u> created a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See <u>Lloyd</u>, 407 F.3d at 616. Therefore, this petition will be dismissed without prejudice for lack of jurisdiction. See <u>Olopade</u>, 403 F.3d at 164 (making clear that a court denying a petitioner's request for leave to file a successive habeas motion should do so without prejudice in case "the Supreme Court subsequently makes <u>Booker</u> retroactive to cases on collateral review").

### III. CONCLUSION

For the reasons set forth above, this action for a writ of <u>audita querela</u> will be dismissed without prejudice for lack of jurisdiction because it is a second or successive motion under § 2255 challenging petitioner's federal sentence. An appropriate order follows.

/s/ Jose L. Linares
JOSE L. LINARES
United States District Judge

Dated: 9/17/09